**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1253
_____

UNITED STATES OF AMERICA

v.

JAMES ARTFITCH,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2:09-cr-00697-001)
District Judge:  Hon. Stanley R. Chesler

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 15, 2012

Before:  RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Filed: November 20, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

James Artfirtch pled guilty to one count of possession of child pornography.  The

District Court sentenced Artfitch to a term of ninety-seven months of imprisonment

followed by a five-year term of supervised release.  Artfitch appeals his conviction and

sentence. His counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw and affirm Artfitch's conviction and sentence.

I.

Because we write solely for the parties, we recount only those facts essential to our disposition. The charges against Artfitch arose from a federal child pornography investigation that eventually uncovered approximately 600 images of child pornography on Artfitch's computer. On July 7, 2010, Artfitch pled guilty to the knowing possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and section 2 in exchange for the dismissal of the four additional counts he faced. Artfitch later moved to withdraw his plea. He asserted his innocence and contended that his appointed counsel had forced him to plead guilty. After a hearing in which Artfitch and his former attorney both testified, the District Court denied the motion on September 19, 2011.

Artfitch faced a statutory maximum term of 120 months. Under the terms of his plea agreement, Artfitch waived his right to challenge a sentence that fell within the agreed-upon range of the advisory United States Sentencing Guidelines ("Guidelines"). In the initial plea agreement, the parties agreed to an offense level of thirty, which carried a sentence that ranged from ninety-seven months of imprisonment to terms that exceeded the statutory maximum for Artfitch's crime. At sentencing, the District Court concluded that Artfitch had abrogated the plea agreement. The court found that, by his testimony in connection with the motion to withdraw his guilty plea, Artfitch had sacrificed his downward adjustment for acceptance of responsibility and had obstructed justice,

resulting in a two-point upward adjustment. The court thus determined that the total offense level was thirty-four and the advisory Guidelines range was 151 to 188 months of imprisonment. On November 28, 2011, the District Court sentenced Artfitch to ninety-seven months of imprisonment followed by five years of supervised release.

Artfitch filed a pro se notice of appeal.[1] His appointed counsel has moved to withdraw.

II.[2]

Counsel may move to withdraw from representation if, after a thorough examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). To evaluate an Anders motion to withdraw, we ask: (1) whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If "the

---

[1] Artfitch's notice of appeal was untimely. The sentencing order was entered on November 28, 2011. Artfitch had fourteen days, or until December 12, 2011, to file a notice of appeal. Fed. R. App. P. 4(b)(1). Artfitch signed his notice of appeal on January 23, 2012; it was entered on January 26, 2012. However, failure to comply with Rule 4(b)(1)'s 14-day rule will not deprive this Court of jurisdiction. See Virgin Islands v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010). Because the Government has not pursued the issue of timeliness before this Court, we will therefore consider the merits of Artfitch's appeal.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court exercises jurisdiction pursuant to 28 U.S.C. § 1291.

3

Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks omitted).

Artfitch's counsel has searched the record and identified two potential areas for review: whether the District Court erred when it denied Artfitch's motion to withdraw his guilty plea and whether Artfitch's sentence was unreasonable. Artfitch's attorney analyzed the denial of the motion to withdraw under Federal Rule of Criminal Procedure 11 and United States v. Jones, 336 F.3d 245 (3d Cir. 2003), and found no error. Artfitch's attorney similarly found no error with respect to Artfitch's sentence, which was lower than the statutory maximum and fell on the lowest end of the contemplated Guidelines range in the plea agreement. Artfitch's counsel concluded that the record presented no non-frivolous issue for review.

We agree. We are satisfied that counsel has searched the record, identified potentially appealable issues, and adequately explained why those issues are frivolous. Our own review of the record confirms that the District Court's conclusion that Artfitch was not entitled to withdraw his plea under Jones was reasonable given the credible testimony of his attorney and the findings of two forensic computer experts. We also conclude that a sentence of ninety-seven months, a sentence twenty-three months less than the statutory maximum and within the contemplated range of a plea agreement that Artfitch later abrogated, was not unreasonable. There are no appealable issues of merit.

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment of conviction and sentence.